UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles R. Major, | ) C/A No. 6:05-1993-RBH-WMC |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Dr. Stephen Burkholtz; | ) |
| Carolina Emergency Physicians; | ) |
| Dr. Benjamin Crumpler; | ) |
| Greenville County Sheriff's Department; | ) |
| Cathy Phillips, Anderson County Clerk of Court; | ) |
| Stephen M. Pruitt; | ) |
| Defendant(s). | ) |

Plaintiff has filed this matter pursuant to several federal statutes including 42 U.S.C. § 1983, 42 U.S.C. § 1985, 18 U.S.C. § 242, 18 U.S.C. § 371, and 42 U.S.C. § 1399 (d)(d). Plaintiff alleges that previous claims he filed in this Court, and which were dismissed, are now cognizable in federal court because he has removed several defendants from the caption, and because he is no longer raising negligence claims against the South Carolina Department of Mental Health (SCDMH), or raising "divorce issues" against his ex-wife and her attorney. Plaintiff is still attempting to construe, however, claims which pertain to his 2001 commitment to Patrick Harris Hospital, which is affiliated with the SCDMH. These latter claims were also raised in his prior case with this Court. *See* Major v. Department of Mental Health, *et. al.*, Civil Action No. 8:04-2062-27AK (D.S.C.). This court may take judicial notice of Civil Action No. 8:04-2062-27AK. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). In the prior federal matter, and in the above-captioned matter, the plaintiff alleges that the defendants, Dr. Burkholtz, Dr. Crumpler, and the Social Workers at Greenville Memorial Hospital, breached their "standard of medical care," thereby

causing him to be involuntarily committed to Patrick Harris. Plaintiff has not included the Social Workers in the caption of his complaint.

In addition to the two federal cases filed by plaintiff, plaintiff also filed a case in state court in Anderson County. That case was dismissed. As such, he is seeking redress, in the instant case, as he did in his prior federal case, against the Anderson County Clerk of Court, and against attorney Stephen Pruitt, purportedly pursuant to 18 U.S.C. § 371. The plaintiff claims that the dismissal of the SCDMH in the state court case was due to "a denial of due process that caused the Plaintiff a denial of access to the Courts... [through]... a civil conspiracy" in which the Anderson County Clerk of Court participated.

As a final cause of action, the plaintiff claims that officers with the Greenville County Sheriff's office "...without a warrant or a detention order...[in contravention of]...standard operating procedure in the SCDMH Training Manuel (sic)" took plaintiff to the Greenville Memorial Hospital to be evaluated. See Complaint @ 10. Plaintiff states this "...arrest was a Constitutionally illegal arrest..." and violated several state statutes which set out a "special duty of care" towards the plaintiff. Id. @ 11. By violating these statutes, the plaintiff claims his "substantive Constitution Due Process right[s]" were violated. In short, the plaintiff alleges that the officers "did not comply with the pre-detention procedures for civil commitment under state statute." Id. @ 12.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by

attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Department of Social Services, 901 F.2d 387,  (4th Cir. 1990).

As noted above, the issues that plaintiff raises have already been adjudicated by this Court.  In Civil Action No. 8:04-2062-27AK (entry # 28), the undersigned issued a Report and Recommendation which was adopted by a United States District Judge.  In that Report and Recommendation, which is attached hereto and incorporated herein for reference, this Court found that the issues raised by the plaintiff did not meet the requirements of the diversity statute, and did not raise issues which could be construed as raising a "federal question".  This Court also noted in the prior matter that any challenge to a probate matter, a matter filed in a Court of Common Pleas, or any matter raised in a  South Carolina family court would have to be appealed through the state court system, and could not be challenged in federal court due to the Rooker-Feldman doctrine.  Furthermore, even if the Rooker-Feldman doctrine did not apply, the Clerk of Court for Anderson County was entitled to quasi-judicial immunity and the other defendants had not acted under color of state law, a prerequisite to a Section 1983 suit in federal court.  The Court also found that negligence claims are barred under 42 U.S.C. § 1983.  The above-captioned case is subject to summary dismissal for the same reasons the complaint filed in Civil Action No. 8:04-2062-13AK

was subject to summary dismissal.  *See* Aloe Creme Laboratories, Inc. v. Francine Co., supra, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.  Once was sufficient.

Aloe Creme Laboratories, Inc. v. Francine Co., supra, 425 F.2d at 1296.  *See also* United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992).  There is no reason to revisit these claims.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)];  The plaintiff's attention is directed to the important notice on the next page.

s/William M. Catoe
United States Magistrate Judge

September 6, 2005
Greenville, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina  29603