UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Charles R. Major, | ) | Civil Action No.: 6:05-1993-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Dr. Stephen Burkholtz; | ) | |
| Carolina Emergency Physicians; | ) | |
| Dr. Benjamin Crumpler; | ) | |
| Greenville County Sheriff's Department; | ) | |
| Cathy Philips, Anderson County Clerk of Court; | ) | |
| Stephen M. Pruitt; | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, Charles R. Major, filed this action *pro se*, alleging violations of his civil rights based upon his involuntary commitment to Patrick Harris Hospital (a part of the South Carolina Department of Mental Health) in 2001 and an alleged conspiracy between the Anderson County Clerk of Court and a private attorney. Plaintiff seeks federal jurisdiction by virtue of federal question jurisdiction under the following statutes: 42 U.S.C. §1983, 42 U.S.C.§1985, 18 U.S. C. §1871, and 42 U.S.C. §1399dd.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., this matter is before the undersigned for a review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge William M. Catoe. In his Report, Magistrate Judge Catoe carefully considered the issues and recommended that the plaintiff's claims be dismissed on grounds of lack of federal jurisdiction. Plaintiff filed objections to the Report on September 23, 2005.

The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. Mathews v. Weber, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations.   28 U.S.C. § 636(b)(1).

After reviewing the objections, this Court finds that the Magistrate Judge properly recommended that the case be dismissed. Although plaintiff has made some revisions to the Complaint he filed previously in another case in this Court  (Civil Action Number 8:04-2062-RBH), he essentially has made the same allegations in this case. This Court can take judicial notice of previous cases filed by a party. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).

The only new allegation made by plaintiff in the case at bar is that he has attempted to state a claim for violation of EMTALA, 42 U.S.C. §1395dd.  Nevertheless, this action is based upon the same facts as the prior case and plaintiff has not sufficiently alleged a violation of EMTALA.[1]

---

[1] The Court notes that a two-year statute of limitations applies to actions under EMTALA which would have expired for events occurring in 2001 long before plaintiff initiated this action in 2005. See 42 U.S.C. §1395dd(d)(2)(C).  A District Court may anticipate clearly apparent affirmative defenses available to the defendant in determining under §1915 whether process should be issued. Deleston v. N. Charleston Police Dep't, 2004 U.S. Dist. LEXIS 22462 (D.S.C. 2004), *aff'd*, 112 Fed. Appx. 287 (4th Cir. 2004).

2

EMTALA provides a federal cause of action against hospitals with emergency departments who fail to provide medical screening to a patient in order to determine whether an emergency medical condition exists. Plaintiff has not named any hospital as a party in his complaint, although he does mention that the improper screening and transfer by Greenville Memorial Hospital under EMTALA allegedly resulted in his involuntary commitment.

The Fourth Circuit held in Baber v. Hospital Corp. of America, 977 F.2d 872 (4th Cir. 1992) that EMTALA authorizes "only two types of actions for damages."

> The first of these could be brought by the individual patient who suffers harm as a direct result of a hospital's failure to appropriately screen, stabilize, or properly transfer that patient. The second type of action could be brought by a medical facility which received an improperly transferred emergency patient or a woman in active labor.

Id. at 877 (citing legislative history for the Act found at 1986 U.S.C.C.A.N. 42,579,728).

The Fourth Circuit found that EMTALA only provides for an individual action against a hospital and not against individual doctors as the plaintiff attempts to do in the case at bar. "Instead, the enforcement sections of EMTALA allow an action against a physician only by the Department of Health and Human Services to bar his participation in Medicare programs and/or to seek administrative sanctions in the form of civil monetary penalties." Id. The Court in Baber also noted that EMTALA is not a substitute for State medical malpractice actions and that it does not preempt state law except to the extent that state law "directly conflicts" with the statute. Finally, the Baber Court found that EMTALA requires a hospital to apply its screening procedures uniformly but that it does not impose a national standard in screening patients or create a cause of action in Federal Court for negligence under the Act.

In the case at bar, plaintiff's chief complaint as it pertains to EMTALA appears to be that he was

3

wrongfully transferred by the emergency room physicians to the state mental hospital. He does not allege that he was refused treatment. In fact, one could argue that plaintiff was transferred to a hospital better suited to treat psychiatric symptoms than a general hospital. Regardless, plaintiff's attempted EMTALA claim should be dismissed since the Act does not allow an individual action against a physician and because of the statute of limitations bar. For all of the above reasons, the plaintiff's attempt to invoke federal question jurisdiction based upon the EMTALA statute fails.

This Court agrees with the recommendation of the Magistrate Judge and finds that the case should be dismissed on the basis that the plaintiff's Complaint does not raise any issues that can be construed as federal questions and on the basis of its previous Order in plaintiff's prior similar lawsuit referenced herein. Federal courts may raise, *sua sponte*, the issue of federal court jurisdiction. Louisville & Nashvillle R.R. v. Mottley, 211 U.S. 149 (1866). State courts have concurrent jurisdiction with federal courts over matters within federal jurisdiction unless a federal statute creates exclusive federal jurisdiction. Tafflin v. Levitt, 493 U.S. 455, 459-60 (1990). It is proper for a District Court to take judicial notice of its own files and records, and a Court is not required to address the same issues again in an action by the same party. Aloe Creme Laboratories, Inc., 425 F.2d at 1296. Even cases not involving prisoners are subject to screening under 28 U.S.C. §1915 where plaintiff proceeds *in forma pauperis*. In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997).

The Court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The Court adopts the Report and Recommendation as modified herein and incorporates it herein by reference.

Accordingly, all objections are overruled and this case is **DISMISSED** *without prejudice* and without issuance and service of process.

**AND IT IS SO ORDERED**.

                                                       s/ R. Bryan Harwell
                                                      R. Bryan Harwell
                                                      United States District Judge

Florence, South Carolina
December 9, 2005